IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ERIK PFLUEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-CV-144 |
| | ) |
| SICILYBEBY ENTERPRIZES LLC | ) |
| D/B/A SERENA SICILIAN | ) |
| INFLUENCED GASTROPUB, | ) |
| GIUSEPPE L. CATALDO, | ) |
| MEMBER/MANAGER OF | ) |
| SICILYBEBY ENTERPRIZES LLC, | ) |
| AND KELLY CATALDO A/K/A | ) |
| KELLY POTTS, HIS SPOUSE AND | ) |
| CO-OPERATOR OF SICILYBEBY | ) |
| ENTERPRIZES LLC D/B/A | ) |
| SERENA SICILIAN INFLUENCED | ) |
| GASTROPUB, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff Erik Pflueger sued his former employers, defendants Giuseppe L. Cataldo, Kelly Cataldo a/k/a Kelly Potts, and SicilyBeby enterprizes LLC d/b/a Serena Sicilian Influenced Gastropub, jointly and severally, in December 2018 for unpaid wages under the Fair Labor Standards Act and the North Carolina Wage and Hour Act. After the defendants did not respond to the summons and complaint or otherwise appear to defend themselves, the Clerk of Court made entries of default against all defendants. Mr. Pflueger now seeks a default judgment against all defendants and damages of wages owed and liquidated damages. Having reviewed the motion and the supporting memorandum and affidavit, the

Court will grant the motion and enter a default judgment against all defendants awarding damages of $1,122.00 against all defendants jointly and severally.

Default judgment under Rule 55 of the Federal Rules of Civil Procedure is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Following entry of default, the Clerk of Court must enter default judgement for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party," and entry of default judgment is left to the sound discretion of the trial court. *Catlin Specialty Ins. Co. v. Stanley Recreation Club, Inc.*, No. 3:16-CV-00617-RJC-DCK, 2018 WL 1594683, at *7 (W.D.N.C. Apr. 1, 2018);[1] *see also Duke Energy Carolinas, LLC v. BlackRock Coal, LLC*, No. 3:11-cv-616-RJC-DSC, 2012 WL 106795 at *1, *6 (W.D.N.C. Mar. 29, 2012) (granting default judgment in plaintiff's favor where defendant failed to defend after valid service).

---

[1] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, entry of default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Ryan*, 253 F.3d at 780, and the Court must still determine "whether the well-pleaded allegations in the complaint support the relief sought." *Catlin Specialty Ins.*, 2018 WL 1594683, at *7 (citing *Ryan*, 253 F.3d at 780). Upon default by the defendant, the plaintiff must prove her damages by a preponderance of the evidence. *See Shelton v. Inn at Trivium*, No. 6:08cv00040, 2009 WL 1255465, at *1 (W.D. Va. May 6, 2009).

Applying the above standards, the Court makes the following findings of fact and conclusions of law based on the evidence in the record:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). *See IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007).

2. This Court has personal jurisdiction over the defendants. *See* Doc. 1 at ¶¶ 7, 9 (alleging defendants operate a business in Durham, North Carolina).

3. The plaintiff achieved valid service on Giuseppe L. Cataldo and Kelly Cataldo a/k/a Kelly Potts by publication pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 1A-1, Rule 4(j1). *See* Docs. 8, 9.

4. The plaintiff achieved valid service on SicilyBeby enterprizes LLC d/b/a Serena Sicilian Influenced Gastropub by publication pursuant to Rules 4(e)(1) and 4(h)(1)(A) of the Federal Rules of Civil Procedure and through service on the North Carolina Secretary of State pursuant to N.C. Gen. Stat. § 55D-33(b). *See* Doc. 10.

5. This Court entered default against the named defendants on August 6, 2018. *See* Docs. 14, 15, 16.

6. No named defendant has appeared to defend this action or filed any pleadings, papers, or motions. No named defendant has sought relief pursuant to Rule 55(c) of the Federal Rules of Civil Procedure at any time before this judgment was entered.

7. The factual allegations in Mr. Pflueger's Complaint filed on February 28, 2018 are deemed admitted since the named defendants have not filed any responsive pleading. *See* Fed. R. Civ. P. 8(b)(6).

8. The defendants employed Mr. Pflueger from November 30, 2017, to December 6, 2017, as a cook in the restaurant they owned and operated in Durham, North Carolina. Doc. 1 at ¶¶ 8–10, 17.

9. Mr. Pflueger worked 44.5 hours from November 30, 2017 to December 6, 2017 for the defendants for an agreed rate of $12.00 per hour. Doc. 1 at ¶¶ 16–17; Doc. 18-1 at ¶ 4.

10. The defendants did not pay Mr. Pflueger for any wages earned from November 30, 2017 to December 6, 2017. Doc. 1 at ¶¶ 20–21; Doc. 18-1 at ¶¶ 5–7.

11. Mr. Pflueger was an employee and the defendants were his employers as those terms are defined under the Fair Labor Standards Act, *see* Doc. 1 at ¶¶ 9–10, and the defendants operated an enterprise engaged in commerce by having employees that handled goods or equipment that had moved in interstate commerce including the stove, cooking utensils, and some food. *See* Doc. 1 at ¶¶ 9, 12. Accordingly, the FLSA applies to Mr. Pflueger's employment by the defendants from November 30, 2017, to December 6, 2017. *See* 29 U.S.C. §§ 203(d), (e)(1), (s)(1)(A)(i); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006).

12. Mr. Pflueger's work for the defendants also qualifies as an employer-employee relationship subject to the North Carolina Wage and Hour Act. *See Luna-Reyes v. RFI Constr., LLC*, 109 F. Supp. 3d 744, 752 (M.D.N.C. 2015) (denying motion to dismiss North Carolina Wage and Hour Act claim for employment covered under FLSA because defendants "have not provided any persuasive reason why [the plaintiff's] NCWHA claim should be treated differently from his FLSA claim"); *Laborers' Int'l Union of N. Am., AFL-CIO v. Case Farms, Inc.*, 127 N.C. App. 312, 314, 488 S.E.2d 632, 634 (1997) ("The North Carolina Wage and Hour Act is modeled after the Fair Labor Standards Act.").

13. The detailed declaration offered by Mr. Pflueger, which may be treated as a sworn statement under 28 U.S.C. § 1746, on the amount of back wages he is due provides a reasonable and substantial basis upon which to determine that the plaintiff is due the amount of promised and overtime wages that the plaintiff claims in his declaration and in

his complaint. *See* Doc. 18-1 at ¶ 4; Doc. 1 at ¶¶ 26–35; *Galindo v. McGee Landscaping, Inc.*, No. 1:15cv929, 2016 WL 489818, at *4 (E.D. Va. Jan. 15, 2016) (Mag. J., Report and Recommendation) (accepting plaintiff's sworn declaration as basis for awarding FLSA over-time damages), *adopted by* 2016 WL 521500 (E.D. Va. Feb. 5, 2016).

14. By failing to pay these wages when due to Mr. Pflueger, defendants Giuseppe L. Cataldo, Kelly Cataldo a/k/a Kelly Potts, and SicilyBeby enterprizes LLC d/b/a Serena Sicilian Influenced Gastropub, each violated the Fair Labor Standards Act and the North Carolina Wage and Hour Act.

15. Pursuant to 29 U.S.C. §216(b) and N.C. Gen. Stat. § 95-25.22(a), Mr. Pflueger is entitled to a judgment against all defendants jointly and severally for unpaid overtime required by 29 U.S.C. § 207(a)(1) and promised wages required by N.C. Gen. Stat. § 95-25.6 in the amount of $561.00. Specifically:

   a. Under N.C. Gen. Stat. § 95-25.6, Mr. Pflueger is entitled to all wages and tips accruing to him at the promised rate. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 132 (E.D.N.C. 2011) (finding defendants violated N.C. Gen. Stat. § 95-25.6 by failing to pay workers at a promised rate higher than the federal minimum wage). For 44.5 hours at a rate of $12.00 / hour, this amounts to $534.00.

   b. Under 29 U.S.C. § 207(a)(1), Mr. Pflueger is entitled to compensation at a rate of one and one-half times his regular rate for all hours in excess of forty

hours worked during his week of employment, and there is no evidence his work is subject to any exemption listed in 29 U.S.C. § 213. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exemption."). Mr. Pflueger is therefore entitled to compensation for 4.5 hours at an additional $6.00 / hour, which amounts to $27.00.

   c. For his unpaid wages at the promised rate and uncompensated overtime, the defendants thus owe Mr. Pflueger a total of $561.00.

16. Mr. Pflueger is also entitled to judgment against all defendants for an additional $561.00 in liquidated damages under 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1).

17. The total judgment against defendants Giuseppe L. Cataldo, Kelly Cataldo a/k/a Kelly Potts, and SicilyBeby enterprizes LLC d/b/a Serena Sicilian Influenced Gastropub, jointly and severally, and in favor of plaintiff Erik Pflueger is $1,122.00.

18. Pursuant to 29 U.S.C. §216(b) and Rule 54(d)(1)–(2) of the Federal Rules of Civil Procedure, the plaintiff is entitled to an award of costs and attorney's fees upon the plaintiff's submission of an appropriate bill of costs and an attorney's fees petition within the time period required by Rule 54(d)(1)–(2) and the Local Rules of this Court.

Because the defendants have failed to respond to any of the process or pleadings that have been served on them in this action, the Court specifically excuses plaintiff's counsel

from the duty to consult with the defendants about the requested amount of attorney's fees required under Local Rule 54.2.

For these reasons, plaintiff's motion for default judgment, Doc. 17, is **GRANTED** and it is hereby **ORDERED** that:

1. Judgment will be entered against the defendants Giuseppe L. Cataldo, Kelly Cataldo a/k/a Kelly Potts, and SicilyBeby enterprizes LLC d/b/a Serena Sicilian Influenced Gastropub, jointly and severally, and in favor of plaintiff Erik Pflueger in the amount of $1,122.00, plus costs and attorney's fees to be awarded separately.

2. The plaintiff will submit any motion for attorney's fee and costs with supporting affidavits and additional evidence, if any, within 14 days of entry of this Order and Judgment. *See* Fed. R. Civ. P. 54(d). The plaintiff is excused from the requirement under Local Rule 54.2 to consult with the defendants before doing so.

This the 9th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE